IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESUS MAGANA,

        Petitioner,

v.                                            CIVIL ACTION NO. 2:12cv27
                                               (Judge Bailey)

TERRY O'BRIEN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 11, 2012, the *pro se* petitioner, Jesus Magana, an inmate at the USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking to have credit against his sentence for the time beginning with the issuance of a Writ of Habeas Corpus ad Prosequendum through the time he was delivered to federal authorities to begin serving his federal sentence. The petitioner paid the filing fee on May 11, 2012. On May 17, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On June 27, 2012, the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. On June 28, 2012, a Roseboro Notice was issued, and on September 28, 2012, the petitioner filed his response.

### II. FACTS

On February 14, 2003, the petitioner was arrested by New York state authorities and, on March 15, 2004, he was sentenced in the State of New York to forty-two (42) months imprisonment for Criminal Possession of a Weapon 2nd Degree. (Doc. 16-1, p. 1) On May 27, 2003, the petitioner

1

was temporarily released to the USMS pursuant to a federal writ. (Id.). On June 29, 2006, the petitioner was sentenced in the Eastern District of New York to 10 years imprisonment for Discharge of a Firearm in violation 18 U.S.C. § 18 U.S.C. 924(c)(1)(A)(iii). (Doc.16-1, p. 8). On August 21, 2006, the petitioner was returned to New York state officials. (Doc. 16-1, p. 1). On September 21, 2006, the petitioner was released from the State of New York to a federal detainer. (Doc. 16-1, p.2). The petitioner is currently incarcerated at USP Hazelton and has been so designated since October 1, 2006. (Doc. 16-2, p.3). The Bureau of Prisons ("BOP") computed the petitioner's sentence based on a September 21, 2006, commencement date – the date on which he was released to the USMS after serving his state sentence. (Doc. 16-1, p.2). However, the petitioner received prior custody credit from August 12, 2006, the day after he completed his New York state term, through September 20, 2006, the day before he entered federal custody.[1] (Id.). The petitioner's projected release date is October 21, 2015, via good conduct time release. (Doc. 16-2, p.5).

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) His federal sentence should be credited with the time he spent in federal custody on the writ of habeas corpus *ad prosequendum* because he was in "official custody" of the United Marshals Service which amounts to official detention.

(2) In imposing his federal sentence, the United States District Judge ordered that the USMS deliver him to federal prison, but they instead returned him to state custody. Because he had no control over the USMS, he is entitled to credit for the time he spent in state custody after his federal sentence was imposed.

---

[1] Although the petitioner was not released to the USMS until September 21, 2006, he had actually completed service of his state sentence on August 11, 2006. (Doc. 16-1, p.2).

The Government contends that the petition should be dismissed because:

(1) the petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time.

In his response to the Roseboro Notice, the petitioner appears to argue that his federal conviction has no underlying offense other than the state conviction, and therefore, he is entitled to credit back to the date of his state conviction.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions"

3

or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal

4

Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986

## V. ANALYSIS

The petitioner argues that he is entitled to credit against his federal sentence beginning on May 27, 2003, when he was temporarily turned over to the custody of the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*, or at the latest, June 29, 2006, when his federal sentence was imposed. The petitioner maintains that as currently calculated, the BOP has by oversight or mere malice concluded that his federal sentence starts and stops upon their whim.

Review of the petitioner's contention must start with the basic premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Therefore, the mere fact that a defendant has been sentenced in federal court does not commence his sentence.

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing

federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner's state sentence ran continuously from March 15, 2004, when he was sentenced until its expiration on August 12, 2006. Therefore, the petitioner received credit against his state sentence for the time he spent in detention pursuant to the writ *ad prosequendum*. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence. Additionally, the petitioner was awarded prior custody credit from August 12, 2006, the day after he completed his New York state term, through September 20, 2007, the day before his federal sentence commenced because that time was not credited against his state sentence. Therefore, he has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

In addition, the undersigned notes that the petitioner moved the sentencing court to clarify or correct his sentence so that his state and federal sentences ran concurrently. That motion was denied because the petitioner failed to exhaust his administrative remedies, **and** because it was without merit. The sentencing court specifically noted that the petitioner received credit for the time served against his state sentence, and under 18 U.S.C. § 3585(b) could not receive credit for that same period against his federal sentence. In addition, the sentencing court specifically noted that the petitioner's sentence under § 924(c)(1)(A)(iii) **may not run concurrently with any other sentence.** See 18 U.S.C. § 924(c)(1)(D)(ii). (Criminal Docket No. 2:03-cr-00851-LDW-1, Eastern District of New York, Doc. 638).[2]

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc.15) be **GRANTED** and petitioner's §2241 petition (Doc. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days of being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[2]Available on PACER.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 3, 2012

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE