IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**JESUS MAGANA,**

    Petitioner,

v.                                                           **CIVIL ACTION NO. 2:12-CV-27**
                                                                             **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Doc. 31] and the plaintiff's Objections thereto [Doc. 33]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. Failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See ***Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). The petitioner timely filed his objections on October 17, 2012 [Doc. 33]. This Court will review the portions to which the petitioner objects under a *de novo* standard. As a result, this Court **ADOPTS** the R&R.

**I.**     **Background**

The petitioner was arrested by New York state authorities on February 14, 2003; and charged under New York State law with Attempted Murder in the Second Degree [Doc. 16-

1 at 30].  On May 27, 2003, while awaiting resolution of his state charges, the petitioner was temporarily released to the U.S. Marshals Service pursuant to a federal writ, where he remained until August 21, 2006 [Id. at 1].  During that period, on March 15, 2004, petitioner was sentenced in New York State Court to 42 months imprisonment for Criminal Possession of a Weapon in the Second Degree [Id. at 7].  The state court judge listed on the sentence and commitment order that the sentence shall run concurrently with the "[s]entence imposed by Federal Court" [Id.].  On June 29, 2006 the petitioner was sentenced in federal court in the Eastern District of New York to ten years in prison after pleading guilty to Discharge of a Firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii) [Id. at 9].

The petitioner completed his state sentence on August 11, 2006 [Id. at 18].  On August 21, 2006, the petitioner was transferred back from federal to state custody [Id. at 6].  One month later on September 21, 2006, the petitioner was released from the State of New York to federal authorities [Id].

In 2007, the petitioner made a motion to the sentencing court to receive credit against his federal sentence starting from the date of his original arrest, February 14, 2003 [Id. at 26–29].  This motion was denied on January 3, 2011 for several reasons including that pursuant to the plea agreement and plea proceeding, a sentence given under § 924(c)(1)(A)(iii) cannot not run concurrently with any other sentence [Id. at 39].

Starting in 2011, the petitioner commenced his requests for administrative remedy.  The first request was on or about April 20, 2011 in the form of an Informal Resolution Form and requested custody credit dating back to the day of the petitioner's arrest [Doc. 33-1 at 1–2].  The request for administrative remedy was denied on May 23, 2011 [Doc. 33-1 at 3],

stating that a defendant could not receive jail credit for time "credited toward [petitioner's] New York state sentence" even during the period when the petitioner was being held by federal authorities [Doc. 33-1 at 3]. The petitioner appealed the decision to the Mid-Atlantic Regional Director of the Federal Bureau of Prisons on or around May 26, 2011 [Doc. 33-2 at 1]. The appeal was denied on the same grounds as the previous request on August 18, 2011 [Doc. 33-2 at 2]. The petitioner then appealed to the General Counsel of the Federal Bureau of Prisons on September 27, 2011 [Doc. 33-3], which was also denied. The response states that the petitioner had completed his state obligation on August 11, 2006 and that petitioner received credit against his federal sentence starting on the next day, August 12, 2006 [Doc. 33-3 at 4].

On April 11, 2012, the petitioner filed the instant Motion under 28 U.S.C. § 2241 [Doc. 1]. The petitioner seeks to have credit against his federal sentence either from the time he first entered into state custody on February 14, 2003, the date he was taken into federal custody pursuant to the writ of habeas corpus *ad prosequendum* and indicted, May 27, 2003, or the date of his sentencing, June 29, 2006 [Doc. 1-2]. The respondent filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment on June 27, 2012 [Doc. 15] along with a corresponding memorandum in support [Doc. 16]. The respondent argues that the petitioner is not entitled to additional credit for time spent in federal custody because during the periods of time in question, the petitioner was receiving credit toward his state sentence and was not entitled to dual credit. The petitioner accepted a *Roseboro* Notice on June 28, 2012 [Doc. 20] and was granted an extension of time to file a response on July 24, 2012 [Doc. 25]. On September 18, 2012, the petitioner timely responded to the motion to dismiss [Doc. 27]. In his response, the petitioner seems to be making for the first

3

time the argument that his state conviction of criminal possession of a weapon is not a crime of violence and therefore the prohibition on concurrent sentences under 18 U.S.C. § 924(c)(1)(D)(ii) is inapplicable.

On October 3, 2012, Magistrate Judge Joel filed his R&R [Doc. 31], recommending that this Court deny the petition and grant respondent's motion. On October 17, 2012, the petitioner filed objections to the R&R [Doc. 33].

## II.  Discussion

Upon a *de novo* review of the petitioner's petition, this Court agrees with the magistrate judge that the petitioner is not entitled to any additional credit for time served.

### 1.  Exhaustion of Administrative Remedies

The petitioner first objects to the magistrate judge's finding that he failed to exhaust his administrative remedies [Doc. 33 at 2] and as evidence the petitioner attached copies of his requests for administrative remedies [Docs. 33-1, 33-2, 33-3]. The petitioner misstates the content of the R&R. The R&R states that the sentencing court previously denied a motion to clarify or correct petitioner's sentence in part because the petitioner failed to exhaust administrative remedies [Doc. 31 at 7]. The Eastern District of New York denied the petitioner's motion to amend or correct judgment on January 3, 2011, prior to the petitioner's filing for administrative remedies [2:03-cr-851-LDW-1, Doc. 636]. The R&R reiterates the sentencing court's actions; it does not state that the petitioner's current motion is being recommended for denial because of failure to exhaust administrative remedies. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 2. Calculation of Petitioner's Federal Sentence

The petitioner next objects to the magistrate judge's finding that the petitioner is not entitled to additional credit against his federal sentence. The petitioner lists a number of different dates that could be used for additional credit—the date of his original arrest, the date of his detention by the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*, or the date of his sentencing [Doc. 1-2]. The magistrate judge rejected this argument, finding that the petitioner was receiving credit against his state sentence during these periods of time and is not entitled to dual credit for time served.

As the magistrate judge notes, 18 U.S.C. § 3585(b) states that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). The petitioner received credit for his 42-month state sentence starting on the date of his arrest, February 14, 2003 [Doc. 16-1 at 1]. The petitioner completed service of his New York state sentence on August 11, 2006 [Doc. 16-1 at 2].

The petitioner argues that credit against his federal sentence stops and starts but this has not occurred. From the date of his arrest until August 11, 2006 he was serving only his state sentence. From August 12, 2006 to the present, the petitioner has been serving his federal sentence. The petitioner was sentenced under 18 U.S.C. § 924(c)(1) which states that the sentence may not run concurrently with any other sentence. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The petitioner's state sentence and commitment order contains a concurrency order that conflicts with the federal statute. Pursuant to the Supremacy Clause of the United States Constitution, a state court cannot unilaterally impose a

concurrent sentence to a federal sentence. *Trowell v. Beller*, 135 Fed. Appx. 590, 593–94 (4th Circ. 2005); United *States v. Hayes*, 535 F. 3d 907, 912 (8th Cir. 2008). As a result, the petitioner did not begin receiving credit against his federal sentence until he finished his state sentence.

The petitioner argues that his sentence starts and stops related to the period of time he spend in the custody of the U.S. Marshals Service. Although the petitioner was in the custody of the U.S. Marshals during for a period of time from May 23, 2003 to June 29, 2006, this time is not credited against his federal sentence. The mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).

Therefore, the petitioner is not entitled to any additional prior custody credit under 18 U.S.C. § 3585(b). Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### III. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 31]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Doc. 33]** are **OVERRULED**. Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 15]** is hereby **GRANTED**. Accordingly,

the petitioner's Writ for Habeas Corpus **[Doc. 1]** is hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Finally, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

    **DATED**: October 26, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE